The Honorable Jay Martin State Representative P.O. Box 95214 North Little Rock, AR 72190-5214
Dear Representative Martin:
I am writing in response to your request for an opinion concerning City of North Little Rock Ordinance No. 6826. You have provided a copy of the ordinance and you have stated the following regarding an issue that has been presented by one of your constituents:
 My constituent owns a liquor store, and seizes the driver's license of any person who is under the age of twenty-one years old who attempts to purchase an alcoholic beverage. Recently he has had difficulty with this ordinance being interpreted to not provide protection for him in doing so.
You have asked for an opinion "as to whether this activity is covered by the ordinance."
RESPONSE
I assume that the "activity" you refer to is the action of your constituent in seizing the license. If I understand your question correctly, therefore, you are asking whether your constituent is acting pursuant to this ordinance when he seizes the driver's license of an underage person who attempts to purchase liquor at his store.
The answer to this question is "no," in my opinion.[1] I find nothing on the face of this ordinance to suggest that it addresses any matter pertaining to the seizure of the driver's license of a minor who violates the ordinance by attempting to purchase alcoholic beverages. I believe it is apparent from the face of the ordinance that its purpose is to make it "unlawful to any person under the age of twenty-one (21) years to attempt to misrepresent his or her age for the purpose of obtaining liquor, beer or alcoholic beverages." North Little Rock Ordinance No. 6826, Section 1 (hereinafter "Ordinance"). The Ordinance also makes it unlawful for anyone under 21 to "attempt to purchase or otherwise obtain any alcoholic beverage" from a retail dealer or other establishment or private club.Id. at Sections 2 and 3. Persons violating the Ordinance are subject to a fine of $100 to $500. Id. at Section 4. The only provision that is directed toward the sales establishment itself is found in Section 5, which requires the posting of a notice that persons under 21 are subject to a $500 fine for misrepresenting their age and for attempting to purchase or obtain liquor.
The city council's intent appears clear from the face of the Ordinance. While I cannot, in the issuance of opinions, undertake the construction or interpretation of local ordinances (see, e.g., Op. Att'y Gen.2003-063), the question you have posed does not require any interpretation of the ordinance at hand. The purpose of North Little Rock Ordinance No. 6826 is apparent from its language, and nothing therein addresses seizure of a minor's driver's license. The Ordinance is simply silent in that regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Please note that this opinion does not address any other question or issue that might arise concerning your constituent's actions, other than the bare question of whether he is acting pursuant to this Ordinance when he seizes a minor's driver's license. Whether any "protection" otherwise exists, and the potential consequences of his or her actions, are matters falling outside the scope of this opinion. I cannot act as legal advisor to your constituent in addressing such matters. Seegenerally A.C.A. § 25-16-701 (the Attorney General shall not engage in the private practice of law).